UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                                                    CASE NO. 10-15508-BKC-LMI

**ROBERTA A. ROUSSEAU,**                                  Chapter 7

    Debtor.
_____/

### NOTICE OF BANKRUPTCY RULE 2004 EXAMINATION *DUCES TECUM*

    Trustee, Soneet R. Kapila, by and through undersigned counsel, will examine the following person or persons at the following date, time and location.

    Examinee:    William K. Weissman

    Date:    August 10, 2010

    Time:    10:00 a.m.

    Location:    BAST AMRON LLP
                    SunTrust International Center
                    One Southeast Third Avenue
                    Suite 1440
                    Miami, Florida 33131

    The examination may continue from day to day until completed. If the examinee receives this notice less than 14 days prior to the scheduled examination date, the examination will be rescheduled upon timely request to a mutually agreeable time.

    The examination is pursuant to Bankruptcy Rule 2004 and Local Rule 2004-1, and will be taken before an officer authorized to record the testimony. The scope of the examination shall be as described in Bankruptcy Rule 2004. Pursuant to Local Rule 2004-1, no order shall be necessary.

The examinee is to produce the documents requested and described in the attached **Exhibit "A"** on or before July 26, 2010.

Dated: July 9, 2010.

> BAST AMRON LLP
> *Counsel for Chapter 7 Trustee*
> SunTrust International Center
> One Southeast Third Avenue
> Suite 1440
> Miami, Florida 33131
> Telephone: 305.379.7904
> Facsimile: 305.379.7905
> Email: bamron@bastamron.com
> Email: medelboim@bastamron.com
>
> By: */s/ Morgan B. Edelboim*
>     Brett M. Amron
>     Florida Bar No. 148342
>     Morgan B. Edelboim
>     Florida Bar No. 040955

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served electronically via e-mail where available, and/or via U.S. Mail as indicated upon the parties listed on the attached service list on this the 9th day of July, 2010

> By: */s/ Morgan B. Edelboim*
>     Morgan B. Edelboim

2

**SERVICE LIST**

**VIA CM/ECF**

Brett M Amron on behalf of Trustee Soneet Kapila
bamron@bastamron.com,
jrivera@bastamron.com,jeder@bastamron.com,dquick@bastamron.com

Becket and Lee LLP on behalf of Creditor American Express Centurion Bank
notices@becket-lee.com

John C Brock on behalf of Creditor US Bank National Association
sobkmail@defaultlawfl.com

Soneet Kapila
trustee@kapilaco.com, FL68@ecfcbis.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Mark S. Roher on behalf of Debtor Roberta Rousseau
mroher@adorno.com, mcalderon@adorno.com

Lawrence M Schantz on behalf of Debtor Roberta Rousseau
lms@adorno.com, echu@adorno.com,jserrano@adorno.com

**Via U.S. Mail**

Bimota SPA
c/o John J Phelan
2385 NW Executive Center Dr #100
Boca Raton, FL 33431

William K. Weissman
1000 Island Blvd
Unit 2506
Aventura, FL 33160

## **EXHIBIT A**
(William K. Weissman)

I.  Instructions

    A.  This document request is continuing in nature and when new knowledge or information comes to the attention of the deponent the information supplied in the answers to the document request shall be supplemented forthwith.

    B.  For each and every Request herein, you shall produce documents in your possession, custody, or control, which shall include, but not be limited to, documents, objects or articles described that are in your possession or that you have the right to secure the original or a copy from another person or entity. The fact that your investigation is continuing or discovery is incomplete is not an excuse for your failure to respond to each request as fully and completely as possible. Your responses should consist of information known to you through you, your affiliates, your subsidiaries, your successors, your assigns, your agents, your attorneys, your employees, or your representatives. All documents produced pursuant to this request are to be produced as they are kept in the usual course of business, and shall be organized and labeled (without permanently marking the item produced) so as to correspond with the categories of each numbered request hereof. If copies or drafts of a document exist, the production of which has been requested herein, produce and submit for inspection and copying each and every copy and draft which differs in any way from the original document or from any copy or draft.

    C.  If you at any time you had possession, custody, or control of any document requested herein, and such document has been lost, destroyed, discarded, or is not presently in your possession, these documents shall be identified as completely as possible, by providing the following information:

        1.  The names of the authors of the document;
        2.  The names of the persons to whom the documents or copies were sent;
        3.  The date of the document;
        4.  The date on which the document was received by each addressee, copyee, or its recipients;
        5.  A description of the nature and subject matter of the document that is as complete as possible;
        6.  The date on which the document was lost, discarded, or destroyed; and
        7.  The manner in which the document was lost, discarded, or destroyed.

    D.  With respect to any document that deponent withholds under claim of privilege, the deponent shall number such documents, hold them separately, and retain them intact pending a ruling by the Court on the claimed privilege. In addition, the deponent shall provide a statement, signed by an attorney representing the deponent, setting forth as to each such document:

       The names of the senders of the document;
       The names of the authors of the document;
       The names of the persons to whom the document or copies were sent;
       The job title of every person named in subparagraphs 1, 2, and 3 above;
       The date of the document;
       The date on which the document was received by each addressee, copyee, or its recipient;
       A brief description of the nature and subject matter of the document; and
       The statute, rule, or decision which is claimed to give rise to the privilege.

E.    If you cannot produce a requested document, after exercising due diligence to secure or produce the document(s) requested, you must identify the Request(s) for which you do not have responsive documents, and answer the request for production to the fullest extent possible, specifying your inability to produce the document(s), providing the identity of the person who has possession, custody, or control of the requested document(s).

F.    All words in this request for production shall have their plain and ordinary meanings unless specifically defined herein below in Part II of this Request.

G.    Copies of documents which are identical duplicates of other documents which have already been produced for inspection and copying in this action need not be produced again, except that the duplicates must be produced if handwritten or any other type of notes or similar intelligence appear thereon or are attached thereto, including markings on slips indicating the routing of the document to individuals or organizations.

H.    The singular and plural forms shall be construed interchangeably so as to bring within the scope of this document request any information which might otherwise be construed as outside their scope.

I.    "And" and "or" shall be construed interchangeably so as to bring within the scope of this document request any information which might otherwise be construed as outside their scope.

J.    "Any" and "all" shall be construed to bring within the scope of this request any information which might be construed to relate to the subject matter of the request.

K.    The use of the singular form of any word includes the plural and vice versa.

L.    All other names or terms herein not specifically defined or identified shall have the same meaning as is commonly understood and referred to by and among the

5

parties.

M. Unless otherwise stated herein, the time the "relevant time period" encompassed by this subpoena shall be from March 4, 2006, through the date of this notice.

II. Definitions

For purposes of this subpoena, the following definitions shall apply:

A. "Deponent", "you", and "your" shall mean the party upon whom this subpoena is served and all of its successors and/or assigns, attorneys, employees, agents, or others purporting to act on its behalf.

B. "Documents" and/or "records" shall mean, without limiting the generality of this meaning, any writings, papers or tangible things in the possession, custody or control of the Deponent, including, letters, e-mails, computer files, handwritten notes, calendar pads, appointment books, note pads, notebooks, correspondence of any kind, postcards, memoranda, telegrams, telexes, annual or other reports, financial statements, books, records, ledgers, journals, minutes of all meetings, contracts, agreements, drafts of contracts or agreements, appraisals, analyses, charts, graphs, data sheets, data tapes, computer disks, computer hard drives or readable computer produced interpretations thereof, stenographic notes, tape and disk recordings, tapes, photostats, recordings, photographs, drawings, illustrations, plans and personal interviews, wherever located, whether located original or duplicate, and all compilations of the foregoing including binders, notebooks, folders and files. All categories of documents described above shall include with respect thereto all communications, whether or not expressly stated. If a document has been prepared in several copies, or additional copies have been made and the copies are not identical (or by reason of subsequent modifications of the copy by addition or notations, or other modifications, are no longer identical), each non-identical copy is separate "document."

C. "Possession, custody, or control" as used herein shall have the same meaning as in Rule 34(a) of the Federal Rules of Civil Procedure.

D. "Communications" means any electronic, oral, magnetic, or written transmittal or transfer of data, facts, ideas, information, inquiries, or thought.

E. "Correspondence" means any letter, note, memorandum, report, notice, facsimile transmission, e-mail transmission, and any documents (as defined in paragraph 1 above) that were sent or received from one or more persons to one or more persons, regardless of authorship or origin, including that which was directed as a copy, blind copy, forwarded copy, or sent or received mistakenly.

F. "Debtor" shall mean Roberta A. Rousseau, the Chapter 7 Debtor in this bankruptcy case.

G. The terms "person," "individual," "entity," and "entities" are used interchangeably and shall be deemed to include the plural and vice versa. Each of these terms shall mean, but are not limited to: (i) any association, or business, legal, or governmental entity, including all corporations, partnerships, associations, joint ventures, trust, firms, or other business enterprise or legal entity, unless otherwise stated; or (ii) surety ship; institution; or government or government agency or political subdivision be it foreign or domestic; or (iii) board, committee, group, or organization comprised of any of the foregoing or combination thereof, whether they be now or previously existing.

H. "Support", "evidence", "relate to", "relating to", "related to", "referred to", "concerning", "pertaining to" and "regarding" shall mean anything which directly, or indirectly, concerns, consists of, pertains to , reflects, evidences, describes, sets forth, constitutes, contains, shows, underlies, supports, refers to in any manner, is or was used in the preparation of, appended to, legally, logically or factually connected with, proves, disproves, or tends to prove or disprove.

I. "Petition Date" shall mean March 4, 2010, which is the date on which Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

III. Documents Requested

1. Any and all documents supporting, evidencing or relating to the funds received from the refinancing of the real property located at 1000 Island Blvd., Unit 2506, Aventura, FL 33160, including, but not limited to, the bank account the funds were initially deposited, the bank records showing any transfers or those funds and the current location of those funds.

2. Any and all documents supporting, evidencing or relating to the ownership of any and all personal property located at 1000 Island Blvd., Unit 2506, Aventura FL 33160.

3. Any and all documents supporting, evidencing or relating to your ownership of any and all personal property located at 70 Promontory Pt. Lane #2308 Foster City, CA 94404.

4. Any and all documents supporting, evidencing or relating to any bank accounts held in your name, or jointly with another, from March 4, 2006 through the Petition Date, including, but not limited to, bank account statements, canceled checks (front and back), wire transfer instructions/advices, wire transfer confirmations, emails, computer files, and facsimiles.

5. Any and all documents supporting, evidencing or relating to any transfer of funds from the Debtor's IRA or any of the Debtor's retirement accounts either with

        Sanford C. Bernstein, Fidelity Investments or any other financial institution from March 4, 2006 through the Petition Date.

6. Any and all documents supporting, evidencing or relating to any distribution, withdrawal or dividend from the W&R Trust u/t/a January 16, 1991 and Restated January 16, 2004 either to you or to anyone else from March 4, 2006 through the Petition Date.

7. Any and all documents supporting, evidencing or relating to any income, benefits and/or compensation you received from March 4, 2006, including, but not limited to, W-2 forms, 1099 forms, payments of health, life and/or car insurance, car allowances and bonuses.

8. Any and all documents supporting, evidencing or relating to any vehicles registered in your name from March 4, 2006 through the Petition Date including, but not limited to, vehicle registrations, vehicle leases, vehicle lease applications, vehicle financing applications; vehicle insurance and proof of any payments made on any vehicle.

9. Any and all documents supporting, evidencing or relating to any entity that the you held an ownership interest in, held stock in, was a registered agent, member, officer, director or managing member of, from March 4, 2006 through the Petition Date including, but not limited to bank account statements, canceled checks (front and back), wire transfer instructions/advices, wire transfer confirmations and tax returns.

10. Any and all documents supporting, evidencing or relating to Bimota North America, Inc. including, but not limited to, bank account statements, canceled checks (front and back), wire transfer instructions/advices, wire transfer confirmations and tax returns from March 4, 2006 through the Petition Date.

11. Any and all business records and documents of Bimota North America, Inc. and its assets and liabilities for the four years prior to the filing of the Debtor's bankruptcy petition, including but not limited to, corporate formation documents, operating agreement, franchise or distributorship agreements, bank statements, general ledgers, accounting records, tax returns, payroll reports, inventory lists, consignment agreements, balance sheets, income statements, and all other financial records.